ROENICK, PLAINTIFF-APPELLEE, *v.* DOLLAR SAVINGS AND TRUST COMPANY OF YOUNGSTOWN, OHIO, EXR., ET, DEFENDANTS-APPELLANTS.

Ohio Appeals, Seventh District, Mahoning County.

No. 4076.   Decided April 19, 1960.

Messrs. *Harrington, Huxley & Smith,* for plaintiff-appellee.
Mr. *Benjamin F. Roth,* for defendant-appellant, Dollar Savings & Trust Company.
Messrs. *Manchester, Bennett, Powers & Ullman,* for defendant-appellant Charities.
Mr. *John D. Barricklow,* assistant attorney general, for Charitable Trusts.

DONAHUE, J. This is an action for will construction, brought by the plaintiff, who is the daughter of the decedent, James A. Ewing.

This is an appeal on questions of law and fact.

Attorney Ewing's will was duly admitted to probate, and contained the following provisions in brief:—

Item No. 2—a bequest to the daughter of all personal effects and $10,000.00 in cash—which have been delivered and paid.

Item No. 3—a bequest to defendant, Dollar Savings and Trust Company in trust for the son of plaintiff, grandson of deceased, to be used under certain conditions for care and support until he reaches the age of forty. Paragraph six of this item provides as follows:—

"Upon the attainment by my said grandson of the said prescribed age of forty years it is my will and I direct that the entire accumulated assets of my estate, real, personal or mixed property, in the hands of said trustee shall pass to and vest in my said grandson, to be his absolutely and in fee simple, provided that he give and pay to The Pittsburgh-Xenia Theological Seminary of The United Presbyterian Church, Pittsburgh, Pennsylvania, the sum of Ten Thousand Dollars ($10,000.00), to The Tabernacle United Presbyterian Church, Youngstown, Ohio, the sum of Ten Thousand Dollars ($10,000.00), to Muskingum College, New Concord, Ohio, the sum of Five Thousand Dollars ($5,000.00), to Vassar College, Poughkeepsie, New York, the sum of Five Thousand Dollars ($5,000.00) and to Cornell University, Ithaca, New York, the sum of Five Thousand Dollars ($5,000.00), making the first three of said gifts in memory of his great grandparents, J. Calvin Ewing and Eva C. Ewing, the fourth in memory of his great aunt, Margaret Ewing Kelsey, and the fifth in memory of his grandfather, James A. Ewing, and I do so hereby give, devise and bequeath the same to him, to be effective only at such time, and upon such distribution of my entire estate being made the trust herein created shall

cease and determine and said trustee be released and discharged, upon account, therein and thereof.''

Item No. 4 provides that:

''In the event that my said grandson shall not attain the said prescribed age of forty years it is my will and I direct that my entire estate shall pass to and vest in my said daughter, Mary Ewing Roenick, who was born April 14, 1921, when she is fifty-five years of age and provided that she give and pay to The Pittsburgh-Xenia Theological Seminary of The United Presbyterian Church, Pittsburgh, Pennsylvania, the sum of Ten Thousand Dollars ($10,000.00), to The Tabernacle United Presbyterian Church, Youngstown, Ohio, the sum of Ten Thousand Dollars, to Muskingum College, New Concord, Ohio, the sum of Five Thousand Dollars ($5,000.00), to Vassar College, Poughkeepsie, New York, the sum of Five Thousand Dollars ($5,000.00) and to Cornell University, Ithaca, New York, the sum of Five Thousand Dollars ($5,000.00), making the first three of said gifts in memory of her grandparents, J. Calvin Ewing and Eva C. Ewing, the fourth in memory of her aunt, Margaret Ewing Kelsey and the fifth in memory of her father, James A. Ewing.''

Item No. 5 provides for distribution of $10,000.00 to plaintiff's husband, in the event the grandson and daughter do not reach the prescribed ages, with the balance to go directly to the named charities in specific proportions.

The will was signed and acknowledged on April 3, 1953. Attorney Ewing died on December 24, 1953, less than a year after the will was executed.

It is generally conceded by all counsel that the gift to the charities in Item No. 5 is invalid by reason of the Mortmain Statute, which renders invalid any such bequest where the deceased leaving children dies within a year after making the will.

The all important issue in this case is the interpretation of the sixth paragraph of Item 3 of the will.

Was this bequest by the testator one which the grandson must fulfill before the grandson can have legal title to the funds held in trust for his benefit and thus amount to a condition precedent that would fail by reason of the Mortmain Statute and in so doing cause the entire will to fail?

The entire estate was appraised at $244,392.50. It is being held by the bank under the will, and has, at this time, appreciated to a point where it is worth over $400,000.00.

As has been pointed out to this court many times, a will must be read in its entirety. In other words, the over-all intent must be gathered from the will as a whole. We must look at the entire forest to get the whole picture. But we must remember, too, that the forest is made up of trees and the whole picture depends on the type, size and characteristics of the individual trees. So, in determining the picture presented by the whole will we must also determine the characteristics of the individual items.

Testator disposed of his entire estate in Item 3 (except for minor provisions of Items 1 and 2), or so he hoped. The disposition was definite and detailed. He set up a trust according to his own particular ideas. They were to accomplish his specific purposes.

From the wording of Items 3 and 4, we could infer that, as a lawyer, he, as we all do, expected to live more than a year. But he apparently recognized that the Mortmain Statute might enter the picture, since his references to the charitable gifts were not set up as direct bequests. This, of course, is conjecture and may not be taken into consideration.

Nevertheless, he did place a limitation upon the gift to the grandson or the daughter, as the case may be, at the termination of the trust.

We must look at the whole will and at the specific items combined to determine the principal intent.

And that intent was not primarily to dispose of $35,000.00 to charitable and educational institutions. The primary intent was set forth in Item 3, i. e., to provide for his grandson's best interests. In Item 4 he recognized the possibility of the grandson dying before he reached the age of forty, and the possibility of the bequest then lapsing. His secondary intent—to provide for his daughter— then came into play. It is noteworthy that no provision was made for the disposition of the estate if the conditions were not fulfilled by the grandson or the daughter. It will also be noted, that this carefully worded will uses the strong language that the assets "* * * shall pass and vest in my grandson, to be his absolutely and in fee simple, provided he

give * * *." From this wording alone we must conclude that the gift to the grandson was paramount and the limitation in favor of the charities subordinate. This is particularly plain, since the charitable contributions are small compared to the main bequest and this was unquestionably known to the testator.

From this we conclude that testator was doing everything he believed he could do to ensure the payments to charities, but that these payments were strictly secondary to his special ideas for the protection of first, his grandson and second, his daughter.

That brings us to the question of whether or not these conditions are invalid as against the Mortmain Statute. The intent of the testator is clear. He wanted these institutions to be benefited and his forebears memorialized. He wanted his grandson, himself, to make these gifts, and he was doing everything he could to make sure these gifts were made. Had he lived a year, these gifts would necessarily have been made. He was attempting to do, indircetly, what he could not do directly, if he died within the year. We hold that he could not circumvent the plain, and unambiguous, terms of Section 2107.06, Revised Code, which says that where testator, under the conditions here, "* * * gives, devises, or bequeaths * * * to * * * educational or charitable purpose, or to * * * persons * * * or associations in trust for such purposes, whether such purpose appears on the face of the instrument * * * or not * * *."

The conditions here might easily be construed as a trust. If so, the condition is invalidated by the death of testator. We find it to be an attempt at making an indirect bequest. This too, we hold to be invalidated by testator's death within the prescribed year.

Thus we find the condition upon which the charitable gifts depend is invalid. This is not to say that there is anything illegal or immoral or improper about this method of making such gifts. Had the testator lived out the year, this condition would have been, not only legal, moral and proper, it would have been clearly enforcible.

The whole purpose of the Mortmain Statute is, not to deprive charity, but to see that the children, or descendants, are not suddenly deprived of what might otherwise be theirs, except for what might be termed a deathbed desire to buy testator's

way into a better life hereafter at the expense of those descendants, and to give testator time to think things over in the cold light of reason. The time mentioned above is arbitrarily set by the legislature as a reasonable time. Otherwise those descendants would have to show undue influence to set aside the results of a sudden impulse which testator might not live long enough to regret.

This statute is a legislative statement that such a charitable bequest is against public policy. The same basis supports the statute enabling a widow to take contrary to the will and under the statutes enacted to protect her. We could also cite the public policy which declares a clause in a will in restraint of marriage and remarriage. There are other declarations of public policy which are not necessary to mention. We will merely point out, that a condition in restraint of marriage is ignored and the rest of the will carried out where possible.

Under all the circumstances here, we find the condition invalid. We find that it matters not whether it be a condition precedent or condition subsequent. Whichever it is, it is a condition of qualification, and being invalid must be treated as if it were not a part of the will at all.

That being so, can the rest of the will stand without it? From our previous discussion, it is obvious that it can. It is obvious that the principal and most substantial provisions of the will may be and must be carried out, ignoring the references to the charitable gift completely. As expressed by Judge Jenkins in the trial court this court, likewise, "steps out of its narrow function of legality to suggest on the ground of natural and moral law the carrying out in full of the hint found in the opinion of Judge Stewart in *Kirkbride* v. *Hickock,* 155 Ohio St., 302:—

" 'It is obvious that in any case there can be no question of the right of children of a testator to make a conveyance and gift of property bequeathed to charities, and if they perfect such conveyance and gift the charities would undoubtedly receive it.' "

Judgment for defendants, declaring the will valid as written with the exception of those parts of the will referring to the educational and charitable institutions which are hereby declared

invalid, with the estate to be administered as though such clauses were never in the will.

GRIFFITH, P. J., and PHILLIPS, J., concur.