LOWE, DECEASED, ESTATE OF, IN RE: CLEVELAND TRUST COMPANY, TRUSTEE, ET, PLAINTIFFS-APPELLEES, *v.* LOWE ET, DEFENDANTS-APPELLANTS.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26343.   Decided June 6, 1963.

*Mr. Seabury H. Ford,* for appellants.

*Mr. William B. Saxbe,* attorney general, *Mrs. Neva H. Wertz,* assistant attorney general, for the State of Ohio.

*Messrs. Squire, Sanders & Dempsey,* for the Cleveland Society for the Blind.

*Mr. Harold T. Clark* and *Mr. Edwin D. Williams,* for The Cleveland Trust Company, Trustee.

ARTL, J. This is an appeal upon questions of law from a judgment of the Probate Court of Cuyahoga County, holding valid the exercise of a general testamentary power of appointment granted to Eva A. Lowe by the will of her deceased husband, Armstead M. Lowe, pursuant to which she appointed The Cleveland Society for the Blind, a charitable institution, as the beneficiary of the residue and remainder of the estate of said deceased husband, Armstead M. Lowe, held by The Cleveland Trust Company as Trustee, and the order of the court directing the Trustee to make distribution of said property to The Cleveland Society for the Blind.

The appellants, who are the surviving heirs at law and next of kin of Armstead M. Lowe, Deceased, are Kenneth M. Lowe, grandson, Allen W. Lowe, Jr., and Phyllis Ann Ruddy, great grandchildren, and also Earl V. Mizer, Trustee under the will of Allen W. Lowe, Deceased, under authority of the Probate Court of Cuyahoga County.

For the purpose of this opinion, the foregoing next of kin shall be designated as the appellants. The Society for the Blind shall be referred to as the "Society" and The Cleveland Trust Company as the "Trustee."

The matter originated in the Probate Court of Cuyahoga County when on or about August 11, 1961, The Cleveland Trust Company as Trustee under the Will of Armstead M. Lowe, Deceased, filed in said court an Application for an Order of Distribution of the Trust and the termination thereof. The appellants were all notified as well as The Cleveland Society for the Blind. Each of the appellants filed separate answers in

said court, and thereafter answers were filed by The Cleveland Society for the Blind and the Attorney General of Ohio pursuant to Section 109.23, Revised Code.

The matter came on for trial on October 12, 1962, before a Referee of the Probate Court, upon stipulations of facts, briefs of the appellants, the Society, and the Trustee, and an answer brief by the appellants. There was no testimony offered by any party since all of the facts were stipulated, and the matter was submitted to the Referee upon the arguments of counsel, the briefs, and the stipulations filed.

Thereafter, the Referee rendered his written Report and Opinion to the court and on December 10, 1962, his finding, consistent with his report and opinion, was journalized by a journal entry signed by the Probate Judge of Cuyahoga County, Ohio.

The Journal Entry of the court provides:

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED THAT:

"1. ITEM V of Eva A. Lowe's Will, in which, in the exercise of a general testamentary power of appointment granted to her by ITEM II of Armstead M. Lowe's Will, she designated and appointed The Cleveland Society for the Blind 'to take and hold the said residue and remainder of the estate of my said deceased husband,' and directed 'that the Trustee under his Will assign, transfer and convey all of such residue and remainder absolutely to the said The Cleveland Society for the Blind * * *,' is valid,

"2. The Cleveland Trust Company, Trustee under the will of Armstead M. Lowe is ordered and directed to carry out the aforesaid appointment by distributing to The Cleveland Society for the Blind the property remaining in the trust estate so created under the Will of Armstead M. Lowe, after making provision for the costs of administration, including trustee's fees, court costs, and attorney fees.

"Exceptions are hereby allowed to Kenneth M. Lowe, Allen W. Lowe, Jr., Phyllis Ann Ruddy and Earl V. Mizer, trustee under the Will of Allen B. Lowe, Deceased.

FRANK J. MERRICK, PROBATE
JUDGE."

It is from this judgment and order that the appellants appealed to this court.

The assignments of error claimed by the appellants are as follows:

"1. The finding of the Referee as journalized by the Probate Judge is contrary to law;

"2. That such finding of the Referee is not sustained by the evidence;

"3. That such finding of the Referee is against the weight of the evidence;

"4. That the finding is contrary to and in violation of Section 2107.06, Revised Code, commonly known as the Mortmain Statute."

Although the brief of the appellants sets forth that the finding of the Referee is not sustained by the evidence under Assignment of Error No. 2 and that such finding of the Referee is against the weight of the evidence under Assignment of Error No. 3, it should be noted that all of the evidence considered by the Referee was stipulated, and we observe that in the brief of the appellants we find no argument or contention that can properly be related to either of these assignments of error. We, therefore, approach the problem from the bases set forth under Assignments of Error Nos. 1 and 4, namely, that the Probate Court's judgment is contrary to law and that the finding is contrary to and in violation of Section 2107.06, Revised Code, commonly known as the Mortmain Statute.

Armstead M. Lowe executed his Last Will and Testament on January 28, 1922, and died within one year, on December 22, 1922, a resident of Cuyahoga County, Ohio. He left surviving him his Widow, Eva A. Lowe, and his son, Charles F. Lowe, as his next of kin. Eva A. Lowe was the second wife of Armstead M. Lowe and was not the mother of Charles F. Lowe.

The Will of Armstead M. Lowe contains the following provisions:

"In case of my wife so surviving me and the said Janet Bremner continuing to remain with her performing services as above specified until the time of her death, the trustee shall from such time hold such trust fund for the use and benefit

of the said Janet Bremner during her life, paying her the net income thereof in like manner as above provided, and upon her death such trust fund shall pass to such person or persons as my wife may by last will, executed after my death, designate and appoint, or, in default of such appointment, then to such person or persons as the said Janet Bremner may by last will designate and appoint, and in case of neither of them making such appointment, the same shall be transferred to the benevolent institution known as the Altenheim, having its hospital situated on Detroit Avenue, in the City of Cleveland, Ohio, or the trustee of such institution, for its use in the maintenance of its said hospital.''

Thus, we see that the conveyance of testator's property is to the Trustee, to be held and administered for the use and benefit of Janet Bremner during her life, ''and upon her death the trust fund shall pass to such person or persons as my wife may by last will, executed after my death, designate or appoint, or in default of such appointment, then to such person or persons as the said Janet Bremner may by last will designate and appoint, and in case of neither of them making such appointment,'' the same shall be transferred to another benevolent institution.

Eva A. Lowe, the widow of Armstead M. Lowe, executed her will on the 13th day of February, 1923, after the death of her husband, and died on March 21, 1923, a resident of Lakewood, Ohio (within a year of the execution of her will), leaving no issue, no adopted child, nor any living descendants of either surviving her.

By the terms of the Last Will and Testament of the said widow, Eva A. Lowe, it was provided as follows:

''It having been provided by the last will of my deceased husband, Armstead M. Lowe, that the residue and remainder of his estate held in trust under such will shall pass to such person or persons as I, by my last will, executed after the death of my said husband, shall designate and appoint, and my said husband having recently died, I do hereby, in the exercise of the power and right so vested in me, and in the exercise of any and all powers I may have with respect thereto, designate and

appoint the said Cleveland Society for the Blind of Cleveland, Ohio, to take and hold the said residue and remainder of the estate of my said deceased husband and direct that the trustee under his will assign, transfer and convey all such residue and remainder absolutely to the said Cleveland Society for the Blind, it being given in the name of Armstead M. Lowe and Eva A. Lowe, to be used for the advancement of the purposes for which it is organized or being conducted."

Thus, it is seen that the widow, Eva A. Lowe, in the exercise of the grant of the general testamentary power granted to her by the will of her deceased husband, designated and appointed as the beneficiary of the residue and remainder of the husband's estate, The Cleveland Society for the Blind.

In the case before us it is stipulated that a petition and amended petition to contest the validity of the will of Armstead M. Lowe were filed in the Court of Common Pleas by Charles F. Lowe. It was tried to a jury. The will was sustained as valid. This court affirmed the verdict and judgment of the Court of Common Pleas.

In view of the fact that Armstead M. Lowe and his widow, Eva A. Lowe, both died within one year of the execution of their respective wills, the appellants urge that this situation brings both wills under the scrutiny of the Mortmain Statute. The Society, Trustee, and Attorney General are of an opposing view.

The precise question which this court is called upon to decide, stated in appellants' language, is as follows:

"Is a general testamentary power of appointment exercised in favor of a charitable organization rendered invalid by application of the Mortmain Statute to the facts that the original donor of the power died within one year from the execution of his will plus the fact that the donee of the power died within one year of the execution of her will and there remain lineal descendants, or issue, of the original donor?"

The appellants characterize the question as important and interesting, which it is, and state that this question has never been decided in Ohio. All counsel concede, along with the Referee before whom the case was tried, that they were unable to find any case in point in Ohio or in any other jurisdiction

in the United States. Our research has likewise been in vain.

In 1922, when Armstead M. Lowe died, and in 1923, when his widow died, the statute in force relating to charitable bequests was Section 10504, General Code. Since then the statute has been amended and in its present form (Section 2107.06, Revised Code), reads as follows:

"If a testator dies leaving issue, or an adopted child, or the lineal descendants of either, and the will of such testator gives, devises, or bequeaths such testator's estate, or any part thereof, to a benevolent, religious, educational, or charitable purpose, or to any state or country, or to a county, municipal corporation, or other corporation, or to an association in any state or country, or to persons, municipal corporations, corporations, or associations in trust for such purposes, whether such trust appears on the face of the instrument making such gift, devise or bequest or not, such will as to such gift, devise, or bequest, shall be invalid unless it was executed at least one year prior to the death of the testator."

The important change as it relates to the problem before us is that while the earlier section provided, "If a testator dies leaving issue of his body or an adopted child living or the legal representative of either * * *," the statute now provides, "If a testator dies leaving issue or an adopted child or lineal descendants of either * * *." Since we are considering the right of a person to dispose of his property by will, it is well that we understand the basic principle underlying the right to dispose of property by will. It is ably analyzed and set forth in 1 Underhill on Wills, 23, Section 16, where he states:

"The right to make a disposition of property by will is neither a natural, nor, in the United States, a constitutional right. It is solely the product of statutory enactment. The testamentary privilege, and its extent and limitation, depend wholly upon statute, not only as to their existence, but as to the mode in which it may legally be exercised. As the legislature confers the power, so the legislature may restrain its operation, confine it to particular classes of persons, or abolish it altogether, so far as the wills of the persons who die after the enactment of the statute are concerned."

The Mortmain Statute, since its adoption by the House of Parliament in the days of Henry the Eighth and carried into the very fabric of the common law down through the centuries, adopted in this country and into the law of the State of Ohio from its inception, must be recognized as an exception to the right of testamentary disposition. Zollman on Charities, Section 506, states the proposition succinctly:

"The mortmain statute is an exception to the right of testamentary disposition. It renders void that which but for its enactment would be vital. It is destructive in purpose and effect. It must consequently be given a strict construction. The purpose of the section is clear. It is to prevent a testator, under the fears incident to impending death, from disposing of his estate to the prejudice of his descendants."

The reviewing courts of this state have very definitely expressed the view expressed by Zollman and have adhered to the basic proposition that the statute must be strictly construed.

The Supreme Court in considering the Mortmain Statute in *Thomas* v. *Trustees of Ohio State University*, 70 Ohio St., 92, 70 N. E., 896, states at page 108 of its opinion:

"It is therefore apparent that this statute is intended to operate merely as a limitation upon the testator's power of disposition, for the protection of the heir against improvident wills or wills made under undue influence. Being such limitation the statute is to be strictly construed." Citing *Theobald et al* v. *Fugman et al.*, 64 Ohio St., 473, 481; *McGlade's Appeal*, 99 Pa. St., 339, 343.

In *Kirkbride* v. *Hickok*, 155 Ohio St., 293, 98 N. E. (2d), 815, at page 299 it is said:

"The language of this section is clear and unambiguous. Where a testator dies leaving issue of his body, or an adopted child, and his will contains devises or bequests to charitable institutions, such devises or bequests are invalid unless the will was executed at least one year prior to the death of the testator."

The court says further:

"In the present case, the testator died within a year after executing his will, and under the provisions of the statute the

bequests he made to the charities are invalid. This statute has been construed by this court in the following cases:

"*Patton* v. *Patton,* 39 Ohio St., 590; *Board of Trustees of Ohio State University* v. *Folsom,* 56 Ohio St., 701; 47 N. E., 581; *Davis* v. *Davis, Exr.,* 62 Ohio St., 411; 57 N. E., 317; *Theobald* v. *Fugman,* 64 Ohio St., 473; 60 N. E., 606; *Thomas* v. *Trustees of Ohio State University,* 70 Ohio St., 92; 70 N. E., 896; and *Barrett, Admr.* v. *Delmore,* 143 Ohio St., 203; 54 N. E. (2d), 789, 153 A. L. R., 192.

"In none of those cases has the statute been treated otherwise than as a limitation on the power of a testator to make charitable bequests, where the testator dies within a year after making his will, and all hold that property so devised or bequeathed does not under such circumstances pass to charitable institutions."

In recognition of the basic rule that the Mortmain Statute must be given a strict construction, we must inquire as to exactly what the statute declares invalid. The question has been answered by the Supreme Court of Ohio in the following language:

"This statute declares invalid only gifts, devises and bequests directly to, or *in trust for* for the purposes named." *Thomas* v. *Trustees,* 70 Ohio St., 92, at page 108.

The statute makes no reference to testamentary powers granted by a testator to a donee, and this is conceded by appellants. Can it be said that because of the choice of the language in the statute dealing only with gifts, devises and bequests by a testator the legislature might have had in mind something of the nature of a testamentary power? If such thought is lurking in the minds of any, it should be sufficient to point out that the legislature adopted Section 1339.15, Revised Code, in which it defines "Power of Appointment" as meaning, "* * * any power which is in effect a power to appoint, however created, regardless of the nomenclature used in creating the power and regardless of connotations under the law of property, trust or wills * * *."

Clearly, there was nothing in this statute to preclude, or place any limitation upon, the testator's right to delegate to his wife the power, after his death, and by her will to appoint and

designate the beneficiary of his estate left in trust with the Trustee. There were no suggestions by him as to who it might be; there were no limitations upon her choice; it was strictly discretionary with her; she could have chosen to leave it to her estate, since it could only be done by her will, operative after her death.

But, if we were to be concerned in any way with the fact that she died within a year of the execution of her will, and assuming that under any hypothesis the estate of her late husband somehow vested in her (which we cannot and do not subscribe to), she having died within a year without issue, adopted child or lineal descendants, as the statute prescribes, we determine and hold that she was free to appoint anyone in the whole wide world as the donee of such estate and that her appointment of The Cleveland Society for the Blind was a valid appointment.

The appellants in their brief pose this very pertinent question: "Can it be plausibly argued that what the donor himself cannot do, can now be done by another under a testamentary power of appointment made by the original donor?"

Appellants argue, "Or is it an obvious and absolute evasion of the above Statute? * * * Was it the original intent of the testator and the learned counsel who drew his will to create an evasion by making such a power of appointment? It is an acknowledged fact that Armstead M. Lowe at the time of making his will was a man of advanced age and that his life was drawing to a close. So, in contemplation thereof, and being informed and advised of the existence of this Statute, he could have created the testamentary power of appointment for the very purpose that is now in issue here. It is interesting to note that he also gave such power of appointment to Janet Bremner as well as to Eva A. Lowe."

This concept would seem to imply that there was an understanding or scheme between Armstead M. Lowe and his wife to effect a bequest to The Cleveland Society for the Blind. It would appear obvious that if Armstead M. Lowe wanted to favor any charity, it would not be The Cleveland Society for the Blind, for he did not mention the Society in his

will, but in fact mentioned another charity, the Altenheim, which was to take only in the event that the power of appointment created by him was not exercised. The language creating the powers requires that it be exercised by a will executed after the death of the donor of the power and places no restriction upon the ultimate beneficiary to be designated as the appointee.

The intention of Armstead Lowe is clear that he wished to give his widow complete control over the property with the sole exception of providing a life estate for Janet Bremner after the death of his widow. Had it not been for this life estate, he could have left the entire estate to his widow outright and she would have been free to make any bequest she wished, whether to charities or to others, and The Society for the Blind could have been the beneficiary under her will to the exclusion of the heirs at law.

In the present case, Armstead M. Lowe only made it possible for the donee of the power to appoint to a charity if the donee wished. He did not give, devise or bequeath any thing to a charity. Thus, if he had established an inter vivos trust in which a charitable organization was unconditionally made a beneficiary, it would have been not just a possibility but mandatory that the beneficial provisions in the trust instrument for the charity be given effect and the Mortmain Statute would not strike it down because it was not a testamentary gift, devise or bequest. See *Drew* v. *Richards,* 17 Ohio Opinions (2d), 92, 177 N. E. (2d), 633. There was clearly no plan to evade the statute in the minds of Armstead M. Lowe and Eva A. Lowe. In support of their (appellants') argument, they refer this court to the holding of the Seventh District Court of Appeals of Ohio in *Roenick* v. *Dollar Savings & Trust Co., Exec., et al.,* 87 Ohio Law Abs., 289, 179 N. E. (2d), 379, wherein the second paragraph of the headnotes states:

"The provisions of the mortmain statute cannot be circumvented by means of an indirect bequest, in the form of a limitation or condition on the principal bequest."

In that case the court held that a devise to a grandson provided he pay certain amounts to charities which he named was valid, but that the conditions as to payments of charitable be-

quests were invalid under the Mortmain Statute by death of the testator within one year from the execution of his will.

We certainly cannot find fault with this holding by the court. But on examination of the record in this case there is nothing evident to us that the testator, Armstead M. Lowe, remotely suggested anything comparable to the factual situation involved in the foregoing case. Quite the contrary is true. If anything, as we have earlier noted, it is evident that his chosen beneficiary in the absence of the exercise of the power by his widow was the Altenheim Hospital.

The appellants point out that the only case in Ohio directly referring to a testamentary power of appointment is *Thomas* v. *The Trustees of Ohio State University*, 70 Ohio St., 92, 70 N. E., 896. Here the court held that the devise to Ohio State University became invalidated by virtue of the statute because the testator died within one year of the execution of his will. The court held that the power to the daughter is not rendered invalid because she *voluntarily* conveyed and ratified.

Appellants further point out that there are two very important points in the above case which distinguish it from the instant case; one, that the ratification was by deed of confirmation, a separate written instrument, and not by a bequest in a will executed by the daughter; and second, that the daughter who ratified by deed was the only child and lineal descendant of the testator and the only person who could have objected to the charitable bequest and invoked the statute. Obviously, this case is not in point with the facts of the case before this court and does not apply except to show that again, the Supreme Court has upheld the application of the statute where the testator dies within one year of the execution of his will. The court elaborately discussed the question, and on page 109, says, "There was no trust in this will." On page 110, the court questions whether the testator could empower his daughter to do that which he cannot do himself. Again, on page 111, the court said: "A will might not suffice because an appointment by will might fail in the same way; but she could sanction, carry out and make sure his desire by a conveyance; and it would seem that she could fully execute the power in no other way."

Appellants argue:

"Isn't the foregoing dicta exactly what we are claiming in this case, that the power given to Eva A. Lowe fails and the bequest to the Society as well as the Altenheim is invalidated and fails by reason of the statute? Had the lineal descendant and only child of the original donor (in this case Charles F. Lowe) executed a deed of conveyance or another instrument, then the situation would have been altered. Here, however, the property vested in the daughter, Isabelle Page, by reason of the testator's death within one year and the application of the statute, but the daughter conveyed the property voluntarily by proper instrument to the Ohio State University thereby ratifying the bequest of her father, not because of any evasion or circumvention of the statute but by her own voluntary act and deed by separate written instrument of conveyance."

In the appellants' brief, an attempt is made to distinguish the *Thomas case* upon the grounds that in the *Thomas case* the appointment was effected by deed and not by will. This distinction seems unimportant because in the *Thomas case* there were no conditions as to the manner of exercising the power, while in the present case the power could only be exercised by will after the testator's death, which was done. The second attempted distinction, which the appellants urge, is that the daughter in the *Thomas case* was the only person who could have objected to the charitable bequest. There were others who not only could object but did object. The children of the testator's brothers would have taken if the daughter of the testator had not complied with the request of the testator contained in the codicil to his will, and they did object by their earlier attempt to invalidate the gift to the University and to obtain the gift over to them upon failure of the devise to the University by litigating the question up to and in the Supreme Court of Ohio even though the daughter had already complied with the testator's request, thereby revoking the gift over to them. *The Board of Trustees of the Ohio State University* v. *Folsom*, 56 Ohio St., 701, 47 N. E., 581.

The case of *Thomas* v. *Ohio State University, supra,* relates to a power given to the daughter of a decedent, which the Su-

preme Court has designated as a power of appointment. This was a power given to ratify and confirm the testator's devise to Ohio State University. The power was exercised during the daughter's lifetime by an instrument which was both an exercise of this power and a conveyance to Ohio State University. The second paragraph of the syllabus in that case is as follows:

"The power and authority by the testator conferred upon his daughter and heir at law, is not a devise in trust to or for such institution, but is a naked power to appoint to a designated object, and it not rendered invalid by Section 5915, Revised Statute."

The statute referred to above is the Mortmain Statute, in effect at the death of the testator in the *Thomas case.* In commenting on this statute the Supreme Court says at page 107 of its opinion:

"It is obvious that this statute does not make the act of giving, devising or bequeathing property an illegal act; for the same gift, devise or bequest which is declared to be invalid if the testator shall die within one year from the execution of his will, may become valid if the testator shall live one year or more after making the will. In other words, the devise or bequest may be valid or invalid according to the lapse of time. It is therefore apparent that this statute is intended to operate merely as a limitation upon the testator's power of disposition, for the protection of the heir against improvident wills or wills made under undue influence. Being such a limitation the statute is to be strictly construed."

Again at page 110, the court says:

"The authorities above cited and the numerous authorities cited by the counsel for the defendants in error, fully sustain the contention that the will of Henry F. Page conferred upon his daughter the naked power to appoint the remainder of his estate to the Board of Trustees of the Ohio State University, in her discretion; and in our construction of Section 5915, Revised Statutes, that is not prohibited by either the letter or the spirit of the statute."

This case is cited with approval in *Kirkbride* v. *Hickok*, 155 Ohio St., 293, 98 N. E. (2d), 815, and stands today as the law of this state.

The instrument signed by the daughter of the testator in the *Thomas case* is admittedly very different from the exercise of the power of appointment in the will of Eva A. Lowe, but to the extent that the *Thomas case* is based upon the exercise of a power of appointment the statute was held not to apply. It seems clear that the case before us is much farther removed from any applicability of the statute, for there was no limitation upon who might be the appointee.

The appellants likewise call our atention to an issue raised at the hearing in the trial court, namely, that the relationship is that of principal and agent between the donor (Armstead M. Lowe) and donee (Eva A. Lowe) of the power and that the agent cannot do that which the principal is precluded from doing by statute; in other words, Eva A. Lowe cannot do that which Armstead M. Lowe could not accomplish.

The answer to this contention is found in The Restatement of Property, Part IV (Special Topics) page 1822, Section 318 h, which refutes the claim of a relationship of principal and agent between the donor and donee of a power in the following language:

"h. Powers of Attorney. A power of attorney, in the commonest sense of that term, creates the relationship of principal and agent between the donor and the donee and is terminated by the death of the donor (Restatement of Agency, Sec. 120). In both of these characteristics such a power differs from a power of appointment. The latter does not create an agency relationship and, except in the case of a power reserved in the donor, it is usually expected that it will be exercised after the donor's death."

The appellants conclude their argument as follows:

"In summation, it would appear that the Mortmain Statute applies and renders void the attempted exercise of the power whereby the residue was bequeathed to the Society by Eva A. Lowe.

"It would appear incontrovertible that a bequest void ab initio cannot be revived or made valid by bequest of a power of appointment whereby the second will bequeaths that which would be void in the first will.

"It would appear incontrovertible that the Statute cannot and should not be circumvented, evaded, or held for naught by a second testamentary disposition of a bequest void under the original will.

"If the bequest to the Altenheim in Armstead M. Lowe's will is void, which it certainly is; or if Armstead M. Lowe had bequeathed to the Society, and such bequest is void, as it certainly is; then any decision of a court validating the power given by the donor to the donee and exercised in her will would be a complete nullification of the Statute itself.

"The Court in upholding the Referee's Opinion and the decision of the Cuyahoga County Probate Court would have to legislate instead of adjudicate to avoid the effect of the Statute in this case."

In view of the foregoing, we determine and hold that the Mortmain Statute has no application to the testamentary power granted to his widow, Eva A. Lowe, by her husband and testator, Armstead M. Lowe, nor has said statute any application to the exercise of such power by Eva A. Lowe, wherein she appointed The Cleveland Society for the Blind as the beneficiary of the remainder of the Trust Estate created by the Will of Armstead M. Lowe, she having died without issue, or an adopted child, or the lineal descendants of either, under the provisions of Section 2107.06, Revised Code, in its present form, or as it existed prior to amendment, and her appointment of The Cleveland Society for the Blind is valid. To hold otherwise would require this court to read into said statute a prohibition against the granting of a testamentary power that is not found therein. Clearly this would constitute judicial legislation which this court is not authorized or empowered to engage in.

The judgment of the Probate Court is affirmed.

Exceptions. Order see journal.

KOVACHY, P. J., CORRIGAN, J., concur.