Stewart, J.
 

 The question of law presented to us is a narrow one. It is whether Section 10504-5, General Code, renders a bequest to charities, made in a will executed within one year before the death of the maker, void or merely voidable at the instance of the next of kin named therein, and whether the acceptance of
 
 *299
 
 the benefits, as provided in a will, by the next of kin of the testator constitutes a waiver of their rights under Section 10504-5 and confirms the bequests to the charities.
 

 Section 10504-5 provides:
 

 “If a testator dies leaving issue of his body, or an adopted child, living, or the lineal descendents of either, and the will of such testator gives, devises or bequeaths the estate of such testator, or any part thereof, to a benevolent, religious, educational or charitable purpose, or to this state or to any other state or country, or to a county, city, village or other corporation, or association in this or any other state or country, or to a person in trust for such purposes, or municipalities, corporations or associations, whether such trust appears on the face of the instrument making such gift, devise or bequest or not; such will as to such gift, devise or bequest, shall be invalid unless it was executed according to law, at least one year prior to the death of the testator.”
 

 ■ The language of this section is clear and unambiguous. Where a testator dies leaving issue of his body, or an adopted child, and his will contains devises or bequests to charitable institutions, such devises or bequests are invalid unless the will was executed at least one year prior to the death of the testator.
 

 In the present case the testator died within a year after executing his will, and under the provisions of the statute the bequests he made to the charities are invalid. This statute has been construed by this court in the following cases:
 

 Patton
 
 v.
 
 Patton,
 
 39 Ohio St., 590;
 
 Board of Trustees of Ohio State University
 
 v.
 
 Folsom,
 
 56 Ohio St., 701, 47 N. E., 581;
 
 Davis
 
 v.
 
 Davis, Exr.,
 
 62 Ohio St., 411, 57 N. E., 317;
 
 Theobold
 
 v.
 
 Fugman,
 
 64 Ohio St., 473, 60 N. E., 606;
 
 Thomas
 
 v.
 
 Trustees of Ohio State University,
 
 70 Ohio St., 92, 70 N. E., 896; and
 
 Barrett,
 
 
 *300
 

 Admr.,
 
 v.
 
 Delmore,
 
 143 Ohio St., 203, 54 N. E. (2d), 789, 153 A. L. R., 192.
 

 In none of those cases has the statute been treated otherwise than as a limitation on the power of a testator to make charitable bequests, where the testator dies within a year after making his will, and ail hold that property so devised or bequeathed does not under such circumstances pass to charitable institutions.
 

 The charities contend, however, that, even conceding-the gifts to them are invalid because of Section 10504-5, the children of the testator have waived the application of the provisions of the section by reason of having elected to take the income provided for them for the period of 20 years and by their express election in their answers to take under the will.
 

 It is the contention of the charities that application the provisions of Section 10504-5 may be waived' and they rely upon the opinion of this court in the case-of
 
 Thomas
 
 v.
 
 Trustees of Ohio State University, supra.
 

 The
 
 Thomas
 
 and
 
 Folsom cases
 
 were concerned with the will of Henry F. Page which contained a devise to-the Ohio State University and provided that if such devise should fail or be held void for any cause, it should then go to the children of two of testator’s deceased brothers.
 

 In a codicil he fully empowered his daughter to-ratify, and confirm his bequest to the university, and if she exercised this power the devise over to the children of his-deceased brothers “is revoked.”
 

 Page died within a year from the making of the will, so that the devise to the university became invalid by virtue of Section 5915, Revised Statutes (Section 10504-5, General Code).
 

 The daughter exercised the power given her by the will by executing and delivering a deed for the property to the university.
 

 The Page will was construed by this court in the
 
 *301
 

 Folsom, case
 
 which held that the children of testator’s brothers could take nothing under the will as the action which would defeat their remainder had taken place, namely, the making of a deed to the university by the testator’s daughter.
 

 In that case the court said that there might be a question as to what construction the law might place on the will as between the university and the heirs of the daughter. This latter question was the point at issue in the
 
 Thomas
 
 case, which held that the power conferred by the testator upon his daughter and heir at law was not a devise in trust to or for the university but a naked power to appoint to a designated object and therefore was not rendered invalid by the statute.
 

 This court held further that a deed of confirmation expressly purporting to execute such power and conveying the property which had been devised was operative to invest the university with a perfect title to the property therein described.
 

 In both the
 
 Folsom
 
 and
 
 Thomas cases
 
 it was conceded that the bequest to the university was invalid because the testator died within a year after making his will.
 

 However, the testator provided for the property to go to others but gave his daughter and heir at law power to transfer the property to the university and in case she exercised the power the bequest over was voided. She exercised the power and therefore the bequest over was voided, and if the university was not entitled to the property under the exercise of the power the property would have descended to the testator ’s daughter as intestate property.
 

 The
 
 Thomas case
 
 held simply that since she had exercised the power and had conveyed the property to the university the university received a perfect title thereto.
 

 The logic of the
 
 Thomas case
 
 is apparent.
 

 
 *302
 
 It is obvious that in any ease there can be no question of the right of children of a testator to make a conveyance and gift of property bequeathed to charities, and if they perfect such conveyance and gift the charities would undoubtedly receive it.
 

 The children of the testator have in no way violated the
 
 in terrorem
 
 clause in their father’s will. They have not sought to set aside, break or make invalid any provision thereof. They were made beneficiaries of a trust under the will, along with employees of the testator, and they have taken the provisions made for them exactly as the testator provided. In their answer they disclaim any notion of waiving the provisions of Section 10504-5, but that is in no way an attack upon the will. No action of testator’s children made the gifts to the charities invalid; the statutory law of Ohio accomplished that.
 

 Whether the provision of the law is wise is a question addressed solely to the legislative branch of the government. We can only construe the statute as it is. Its purpose, of course, is to prevent undue influence enhanced by the apprehension of approaching death.
 

 Invalid means void, or without validity, and it seems obvious that if children of the blood take under the will just as it provides, and have done nothing themselves to bring about the invalidity of the bequest to the charities, they can not be said to have waived the provisions of the statute, particularly when they declare that they do not waive such provisions.
 

 It is contended by the charities that the bequests and gifts to them form a pattern or plan of the will and that the children by accepting the provisions of the will adopted the plan or pattern.
 

 The obvious answer to this contention is that in nearly every will in which bequests are made to charities it can be said that such bequests form a plan or
 
 *303
 
 pattern, but, unfortunately for the charities, the law says that the plan or pattern is disrupted so far as they are concerned if the testator dies within a year from the execution of his will, leaving issue of his body or an adopted child.
 

 The present case is clearly distinguishable from the
 
 Thomas case
 
 for the reason that the testator in the present case made no provision with reference to the corpus of his estate in the event his bequests and gifts to the charities became invalid. It follows that such corpus must at the end of the 20-year period pass as intestate property and that both the Probate Court and the Court of Appeals were correct in the conclusions at which they arrived.
 

 The claim of the charities that Section 10504-5 applies only in case a bequest or gift is made to one charity and not to more than one was not seriously argued and it seems to us that it requires no discussion to demonstrate that it is untenable.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Taft, Matthias and Hart, JJ., concur.
 

 Middleton, J., not participating.