[Cite as *In re Stevens*, 2012-Ohio-4754.]

IN THE COURT OF APPEALS FOR CHAMPAIGN COUNTY, OHIO

IN THE MATTER OF THE ESTATE :
OF MAXINE STEVENS

                                                    :         C.A. CASE NO.    2012 CA 1

                                                    :         T.C. NO.    10ES212

                                                    :         (Civil appeal from Common
                                                              Pleas Court, Probate Division)

                                                    :

                                                    :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___12th___ day of ___October___, 2012.

. . . . . . . . . .

SHERRILLE D. AKIN, Atty. Reg. No. 0059841 and GEORGE B. LIMBERT, Atty. Reg. No. 0082241, 250 E. Broad Street, 9th Floor, Columbus, Ohio 43215
         Attorneys for Jenna L. Stevens

DANIEL C. HARKINS, Atty. Reg. No. 0029750 and MARK D. DeCASTRO, Atty. Reg. No. 0079505, 333 N. Limestone Street, Suite 203, P. O. Box 1125, Springfield, Ohio 45501
         Attorneys for the Estate of Maxine Deloris Stevens

EDWARD G. BAILEY, Atty. Reg. No. 0004749, 4 W. Main Street, Suite 428, Springfield, Ohio 45502
         Special Counsel for the Estate of Maxine Deloris Stevens

. . . . . . . . . .

FROELICH, J.

{¶ 1}         Jenna L. Stevens appeals from a judgment of the Champaign County Court

of Common Pleas, Probate Division, which found that she had challenged the validity of a portion of

her grandmother's Will, which, by the terms of the Will itself, caused her interest under the Will to "lapse and * * * become null and void."

**{¶ 2}** For the following reasons, the judgment of the trial court will be reversed.

*Facts and Procedural History*

**{¶ 3}** Maxine Stevens died in November 2010, and her Will was admitted to probate one month later. According to the Will, all debts, expenses, and taxes were to be paid by the estate. Dale Circle, Maxine's "friend and manager," was named executor, and he was given the option to purchase Maxine's "real estate * * * then being used for agricultural purposes" under enumerated conditions. Maxine's granddaughter, Jenna Stevens, whose father ( Maxine's son) had predeceased Maxine, was to receive all of Maxine's "tangible personal property," and the remainder of the estate was placed in an unnamed trust previously created by Maxine.[1]

**{¶ 4}** With respect to the bequest to Circle, the Will provided:

**ITEM TWO**: I direct my Executor to provide my friend, **DALE CIRCLE,** with the option to purchase the real estate which I may own at the time of my death that is then being used for agricultural purposes. The option to be extended by my Executor will provide **DALE CIRCLE** with the opportunity of purchasing the farmland for $3,000.00 per acre. My Executor shall give notice to **DALE CIRCLE** of this option within thirty (30) days of my Executor's appointment by the Probate Court. **DALE CIRCLE** must then exercise the option within the forty-five (45) day period following the date on which notice is provided by my Executor. In the event **DALE CIRCLE** should fail to provide written notice of his intention to exercise the option provided by this **ITEM TWO,** within the forty-five (45) day period, this **ITEM TWO** and the option described shall lapse. Should **DALE CIRCLE** proceed in

---

[1] For clarity, we will refer to the decedent as "Maxine" and to her granddaughter, the appellant, as "Stevens."

exercising the option, he may pay the purchase price either by tendering, in whole or in part, cash at closing or a note for the balance of the purchase price, provided the note requires (i) equal payments of principal and interest for up to twenty (20) years, (ii) bears the Applicable Federal Rate of interest and (iii) secured with a mortgage on the land being sold. The note shall be negotiable and should be assigned to those individuals who will receive distributions under this Will.

Should any individual challenge the validity of this **ITEM TWO** by filing objections or complaints with the Probate Court, then that individual's interest under this Will shall lapse and shall become null and void.

**{¶ 5}** A prohibition against challenging a will or a term therein under the threat of disinheritance, such as the one contained in Item Two of Maxine's Will, is known as an in terrorem provision.

**{¶ 6}** On the day that the trial court admitted the Will to probate and appointed Circle as executor, Circle filed an "Exercise of Option to Purchase Farmland," indicating his intention to exercise the option, his acceptance of the terms set forth in Maxine's Will, and his intended method of payment.

**{¶ 7}** In May 2011, Circle filed the estate's Inventory and Appraisal, which included Maxine's interest in three parcels of farmland, and the court approved the Inventory. In June 2011, Circle filed an Application to Extend Administration of the estate, in which he asserted that additional time would be required "to confirm the State's acceptance of the Estate Tax Return and to affect the distribution of the Estate's assets," due, in part, to concerns expressed by Stevens. The court does not appear to have ruled on this application.

**{¶ 8}** On July 29, 2011, Circle filed a notice of his intention to proceed with the administration of the estate, including his purchase of the farmland. This notice stated that the three pieces of farmland listed in the Inventory consisted of a total of 242.5 acres, with a total value of

$1,048,679, or $4,324.45 per acre. Because the terms of the Will permitted Circle to purchase the farmland for $3,000 per acre, he intended to treat the $321,179 difference "between the farmland's appraised value and the $3,000.00 per acre value which was specified by" Maxine as a bequest to him. Circle requested that the court approve this transaction, if its approval was required. On August 4, 2011, the court issued a judgment indicating that its approval of this action was not required and that Circle should proceed accordingly.

{¶ 9}   One week after the trial court's judgment instructing Circle to proceed with the sale, Stevens filed a Memorandum in Opposition to Executor's Notice of Intention to Proceed with Administration of Estate. In this Memorandum, Stevens argued that 1) Circle's interest in the farmland had lapsed because Circle had not closed on the property within 45 days  or, alternately, within a reasonable time, 2) Circle's "Exercise of Option to Purchase Farmland" did not satisfy the statute of frauds, and 3) Circle had not complied with R.C. 2109.44 in that he did not obtain court approval for the transaction.[2]   Stevens also asserted that she did not violate the in terrorem clause of her grandmother's Will by insisting that the Executor (Circle) strictly comply with the terms of the Will.

{¶ 10}   Based on additional motions from the parties and Circle's desire to fully respond to Stevens's arguments, the trial court scheduled a status conference and vacated  its prior judgment approving the transfer of the agricultural property.

{¶ 11}   Upon further consideration, the trial court concluded that the Will required only that Circle give written notice of his intention to exercise the option within 45 days; the Will did not require that the sale be completed within that time. In the absence of a stated time period, the court concluded that Circle was required to complete the sale within "a reasonable time." Considering the

---

[2]R.C. 2109.44 provides that fiduciaries "shall not buy from or sell to themselves" nor have any dealing with an estate in their individual capacities, except with approval of the probate court and subject to other enumerated requirements.

nature of large real estate transactions, the time usually required to complete the administration of an estate, and Circle's willingness to complete the transaction as of July 2011 (seven months after the Will was admitted to probate), the court concluded that Circle had acted within a reasonable time and had complied with the provisions of Item Two of Maxine's Will. It therefore authorized Circle to complete the transfer of the real estate. Stevens appealed from the trial court's judgment.

{¶ 12} On appeal, Stevens again argued that 1) the trial court erred in allowing Circle to purchase the property without approval of the court, as required by R.C. 2109.44, 2) that the court erred in concluding that Item Two did not require completion of the sale within 45 days and, in the alternative, in concluding that the sale was completed within a reasonable time, 3) that Circle's attempt to exercise the option set forth in Item Two did not comply with the statute of frauds, and 4) that Circle did not timely exercise the option to purchase. We rejected all of these arguments. *In re Estate of Maxine Stevens*, 2d Dist. Champaign No. 2011 CA 26, 2012-Ohio-1860.

{¶ 13} While Stevens's appeal was pending, she filed in the trial court an Application by Beneficiary/Legatee for Order of Distribution, seeking distribution of Maxine's tangible personal property. In his capacity as executor, Circle opposed the application, asserting that Stevens had forfeited her interest under the Will by challenging Item Two in prior court proceedings. In response, Stevens claimed that she only sought "enforcement of Item Two" and that her filing could "in no way be construed as a challenge to the validity of Item Two" of the Will.

{¶ 14} The trial court did not conduct a hearing, but ruled on Stevens's Motion for an Order of Distribution based on the argument's raised in the parties' filings. The trial court concluded:

> Decedent's Will is clear. "Should any individual challenge the validity of
> this ITEM TWO by filing objections or complaints with the Probate Court, then that
> individual's interest under this Will shall lapse and shall become null and void.

First, the Court does not believe a Will Contest is necessary to constitute a challenge of the validity of Item II [sic] and therefore that argument is unconvincing. Second, the Court believes Ms. Stevens['] challenge to and interpretation of the time limits of Item Two in both her Memorandum in Opposition and her subsequent appeal constitute the very challenge the testator contemplated.

Therefore, the Court finds that Jenna Stevens['] arguments in her Memorandum in Opposition to Executor's Notice of Intention to Proceed and the appeal of the Court's subsequent decision on that issue is clearly a challenge to the validity of Item Two of the Will.

Although the court is sympathetic to her, in that this could lead to her not receiving certain sentimental items of her grandmother, her grandmother's wishes are clear and the Court must act in accordance with those wishes.

For all the above reasons, the Court finds that pursuant to the Decedent's will Ms. Stevens has challenged the validity of Item II and her interest in the Will has lapsed and therefore, her Motion for an Order of Distribution is denied.

{¶ 15} Stevens appeals from the trial court's judgment, raising one assignment of error, which she frames as a question:

**"Whether the trial court erred as a matter of fact and law when it ruled that the filing of a Memorandum in Opposition to the Executor's Notice of Intention to Proceed, participation in the resulting will construction action, and subsequent Appeal filed as Case No. 2011 CA 00026 by Jenna Stevens constitutes a challenge to the validity of Item Two of the Decedent's Will sufficient to invoke the provisions of an *in terrorem* claim in the Decedent's Will to lapse Jenna Stevens' individual interest under the Will?"**

{¶ 16} Stevens advances numerous arguments in support of her claim that the trial court

erred in concluding that her actions invoked the in terrorem provision of her grandmother's Will.

{¶ 17} The "in terrorem" doctrine originated centuries ago in England and has served different purposes over the years; under the modern American doctrine, however, it applies to "no contest" provisions in wills. *Moskowitz v. Federman*, 72 Ohio App. 149, 162-163, 51 N.E.2d 48 (9th Dist. 1943). The general purpose of an in terrorem clause is to deny or limit the inheritance of a named legatee or devisee if that person "shall make any effort or attempt to break, change or set aside the will or any part thereof." *Riber v. Peters*, 12th Dist. Fayette Nos. 81-CA-27 and 81-CA-28, 1982 WL 3247, *3 (Oct. 27, 1982), citing *Kirkbridge v. Hickok*, 155 Ohio St. 293, 294-295, 98 N.E.2d 815 (1951). In determining whether the in terrorem doctrine applies in a particular case, courts must consider "public policy, probable cause, good faith, and a variety of other matters * * * in connection with the facts" of the case. *Moskowitz* at 163.

{¶ 18} The question presented to the trial court and on appeal is whether Stevens "challenged the validity" of the Will or of Item Two, or merely sought clarification of certain provisions therein, when she filed a memorandum in opposition to Circle's motion to proceed with the sale and then appealed the court's decision. This is a question of law, which we review de novo. *Modie v. Andrews*, 9th Dist. Summit No. 21029, 2002-Ohio-5765, ¶ 10.

{¶ 19} Stevens points out that she did not file a will contest action, as allowed by R.C. 2107.71 et seq., and this fact is undisputed. However, the in terrorem clause of Maxine's Will was not limited to will contests; it forbade "challenge[s]" to the validity of Item Two "by filing objections or complaints with the Probate Court." These terms are more broad than a statutory "will contest" and, because they are not terms of art, they are subject to the court's interpretation. Thus, the fact that Stevens did not file a statutory will contest is not dispositive of whether she "challenged" Item Two.

{¶ 20} Stevens categorizes her actions in this case as "a request for construction" of the

Will, and she emphasizes that Circle "commenced the action which led to the probate court's Entry construing Item Two." Although Stevens construes Circle's Notice of Intention to Proceed with Administration of the Estate as a request by Circle for interpretation of Item Two, in which she merely participated secondarily as a beneficiary, this characterization is inaccurate. Circle stated that the "purpose of the Notice [was] to provide transparency during the continued administration of the Estate." He did not seek interpretation of any of Item Two's provisions. Circle requested approval to proceed with the sale *if* such approval were required, but this request did not require interpretation of the Will's provisions. It was Stevens's Memorandum in Opposition to Circle's notice that questioned, in the first instance, whether he had complied with the specific provisions of Item Two, such as the correctness of the manner in which he attempted to exercise his option and the time in which the sale was required to be completed.

{¶ 21} Citing various cases, Stevens also contends that "actions to obtain interpretation" or a "request for construction" do not challenge the legitimacy of a will and therefore do not invoke an in terrorem clause. We agree with the general premise represented by these cases that an in terrorem clause does not place an executor's conduct beyond the oversight of the probate court and that every request by a beneficiary for involvement of the probate court does not constitute a challenge to a will. Therefore, we must determine whether Stevens' filings in this case could reasonably be construed as a request for interpretation, clarification, or construction of the Will's provisions, or if they challenged the validity of the Will itself in such a way as to invoke the in terrorem clause.

{¶ 22} Stevens relies on *Kasapis v. High Point Furniture Co., Inc.,* 9th Dist. Summit Nos. CA 22758 and 22762, 2006-Ohio-255, in which beneficiaries requested clarification from the court as to whether closely held stock should be categorized as a tangible property or an intangible one, because such properties were treated differently under the Will. She also cites *Modie*, 9th Dist. Summit No. 21029, 2002-Ohio-5765, in which a beneficiary's filing of exceptions to an inventory was distinguished from a challenge to the validity of the Will, and *Kirkbride v. Hickok*, 155 Ohio St.

293, 98 N.E.2d 815 (1951), in which beneficiaries sought clarification from the court when a statute related to charitable bequests potentially invalidated some charitable bequests made under the Will. These cases demonstrate that there are situations in which a beneficiary can legitimately seek clarification of a Will's provisions or request that the court review an executor's conduct without violating an in terrorem clause.

{¶ 23}    The trial court implicitly concluded that Stevens sought to prevent the distribution of assets provided for in her grandmother's Will, that the language of Item Two was "clear," and that Stevens's claimed "confusion" over the specific terms (with which she claimed Circle had failed to comply) was, in fact, an attempt to undermine the Will.   In our view, however, Stevens's request that the trial court determine whether the timing of and manner in which Circle exercised the option to purchase complied with the provisions of the Will sought clarification or construction of the Will's provisions, and was indistinguishable from the types of clarifications sought in *Kasapis* and *Kirkbride*.   The trial court erred in concluding that, by her actions, Stevens sought to challenge "the validity of" the Will or to prohibit Circle from exercising his right under the Will to purchase Maxine's farmland; rather, she sought only to ensure that Circle's actions complied with Maxine's directions.

*Conclusion*

{¶ 24}    The trial court erred in concluding that Stevens's actions violated the in terrorem clause in the Will.

{¶ 25}    The assignment of error is sustained.

{¶ 26}    The judgment of the trial court will be reversed, and the matter remanded for further proceedings.

. . . . . . . . . .

GRADY, P.J. and DONOVAN, J., concur.

Copies mailed to:

Sherrille D. Akin
George B. Limbert
Daniel C. Harkins
Mark D. DeCastro
Edward G. Bailey
Hon. Brett A. Gilbert