[Cite as *In re Estate of Damschroder*, 2021-Ohio-1558.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

IN RE: THE ESTATE OF:
JOHN A. DAMSCHRODER, DECEASED,

                                                    CASE NO. 13-20-19

RYAN PIFHER,

    PETITIONER-APPELLEE,

    v.

TINA PIFHER,

    RESPONDENT-APPELLANT,           O P I N I O N
    -and-

DEBRA LYNN SCHOEN, ET AL.,

    RESPONDENTS-APPELLEES.

Appeal from Seneca County Common Pleas Court
Probate Division
Trial Court No. 20161013B

**Judgment Affirmed**

Date of Decision: May 3, 2021

APPEARANCES:

    *Brian Donnamiller* for Appellant

    *Paul F. Burtis* for Appellee, Debra Lynn Schoen

Case No. 13-20-19

**SHAW, J.**

{¶1} Respondent-appellant, Tina Ann Pifher ("Tina"), appeals the October 19, 2020 judgment of the Seneca County Court of Common Pleas, Probate Division, denying the petition for a declaratory judgment filed by petitioner-appellee, Ryan Pifher, the Executor of the Estate of John A. Damschroder ("the Executor"), and finding that the conduct of respondent-appellee, Debra Lynn Schoen ("Debra"), did not trigger the *in terrorem* clause, otherwise known as a no-contest provision, contained in Decedent Damschroder's Last Will and Testament.

*Background*

{¶2} Decedent John A. Damschroder died testate on November 25, 2015. Tina is one of the decedent's two daughters. Debra is a step-daughter of the decedent. The Executor is Tina's son. Tina and Debra are the named residuary beneficiaries under the Sixth Article of the decedent's Will. [1]

---

[1] The Sixth Article of Decedent Damschroder's Will states as follows:

> **All of the remainder and residue of my estate, of every nature, description and kind, whether real, personal or mixed, present, contingent or future wheresoever the same may be situated, I give, devise and bequeath in equal shares to my daughter, Tina A. Pifher, and my step-daughter, Debra Lynn Schoen, providing that each shall survive me beyond the thirty (30) day period immediately following my passing, and if either shall not survive me, then I give, devise and bequeath their respective shares to their respective heirs and assigns, per stirpes.**

(Doc. No. 1, Ex A. Art. 6). The record indicates that there was a bank account containing approximately $359,031.13 at issue between the parties.

{¶3} In 2016, the decedent's other daughter, Lia Ann Sovchik Kline, who was specifically disinherited under the Seventh Article of the Will, filed an action seeking to contest the Will and set aside certain *inter vivos* transfers. This action also alleged a conversion of assets, and requested a declaratory judgment and a constructive trust. Debra was named as a defendant due to her beneficiary status under the Will. In response to the complaint, Debra filed a *pro se* letter, which the trial court construed as an answer.

{¶4} The trial court held a four-day jury trial on the will contest matter, where Debra offered testimony. Notably, the record suggests that other beneficiaries under the Will also testified at this trial. The jury ultimately determined that the Will and the *inter vivos* transfers were valid, and rejected the claims for conversion and a constructive trust. The record further suggests that the trial court specifically entered judgment against Kline and another family member who also pursued the action to invalidate the Will, and that judgment was granted in favor of Debra and the other named defendants as a result of the jury's verdict.

*Procedural History in the Instant Case*

{¶5} On October 18, 2019, the Executor filed a petition for declaratory judgment initiating the instant action before us and requesting the trial court to

review certain provisions of the decedent's Will.[2] The petition specifically requested review of the Eighth Article of the Will, which states:

> **Should any of the legatees and devisees named herein or his/her respective heirs or successor lineal descendants herein, or any other of my next of kin, either directly or indirectly oppose the probate of this my Last Will and Testament, or should any of the aforenamed initiate, participate in, either directly or indirectly, or prosecute any legal action whatsoever to contest or set aside this my Will in any form or any manner whatsoever, then any legacy or devise provided for so far as each one of the foregoing individuals, or which may be scheduled to pass under the controlling Ohio state law to her/his respective heirs, next of kin or assigns, shall be deemed to have been forfeited completely as to any and all individuals who have in any way challenged this Will, as well as to any individuals claiming by and through any such individuals, all of whom in such case will be disinherited hereunder the same as if all persons, so affected had, together with their respective issue and legally adopted children predeceased me.**

(Oct. 18, 2019 Petition, Ex A. Art. 8).

{**¶6**} The petition presented the following issue for the trial court to determine:

> **Did Debra Lynn Schoen's actions constitute the type of direct or indirect opposition to the probate of Decedent's Damschroder's Last Will and Testament such that any interest Debra Lynn Schoen has, or may have had, otherwise, in the Estate of the Decedent Damschroder, shall be deemed forfeited under the specific terms of Article Eight of Decedent Damschroder's Will?**

(Oct. 18, 2019 Petition at 6).

---

[2] The residuary and the contingent beneficiaries under the Will were named as respondents.

{¶7} Both Tina and Debra filed their respective answers with the trial court. Tina sought declaratory relief and judgment that Debra's answer and voluntary testimony in the prior will contest action constituted "participation" in contesting the Will, which violated the *in terrorem* or "no-contest" clause in the Eighth Article. Therefore, Tina asserted that in engaging in such conduct Debra forfeited any interest that she may have under the Will. For her part, Debra maintained that her conduct of answering the complaint as a named defendant and providing witness testimony in the will contest litigation did not amount to "participation" in contesting the Will under Article Eight.

{¶8} On September 18, 2020, the trial court held a hearing on the matter. During the hearing, the parties waived argument and the opportunity to present evidence, and instead were granted leave to submit written briefs in support of their positions. The parties submitted a partial transcript of the will contest action excerpting Debra's testimony from the trial.

{¶9} On October 19, 2020, the trial court issued a judgment entry finding that Debra's conduct in the 2016 will contest action did not violate the Eighth Article of the Will. Specifically, the trial court found:

> **It is this Court's position that, by filing an answer to the Petition in the form of the Schoen Letter and testifying before the Court in the Will contest action, Schoen was asking this Court to exercise its power of review to ensure that the Decedent's wishes were fulfilled. Certainly, * * * a no-contest clause does "not have the effect of placing [an executor's] conduct beyond the reach of**

**the probate court. A probate court continues to retain the power to supervise a fiduciary's actions." \* \* \* Thus, this Court interprets Schoen's actions as a request for the Court's supervision to ensure the proper distribution of the Decedent's estate in accordance with the Decedent's wishes, <u>not</u> as a challenge to the validity of the Will itself thereby triggering the no-contest clause.**

(Oct. 19, 2020 JE at 6-7)(internal citations omitted, emphasis in original).

{¶10} The trial court then denied the petition for declaratory judgment and found that Debra did not forfeit her interest under the Will.

{¶11} It is from this judgment that Tina now appeals, asserting the following assignment of error.

**THE TRIAL COURT ERRED IN RULING THAT THE NO CONTEST PROVISION IN THE LAST WILL AND TESTAMENT OF JOHN DAMSCHRODER WAS NOT ACTIVATED BY THE ACTIONS OF RESPONDENT DEBRA LYNN SCHOEN.**

{¶12} In her sole assignment of error, Tina argues that the trial court erred in denying the request for a declaratory judgment and finding that Debra's conduct in the prior will contest litigation did not violate the *in terrorem* or "no-contest" clause in the Eighth Article of the Will.

*Legal Authority*

{¶13} The general purpose of an *in terrorem* or no-contest clause in a will is to deny or limit the inheritance of a named legatee or devisee if that person "shall make any effort or attempt to break, change or set aside the will or any part thereof."

*Kirkbride v. Hickok*, 155 Ohio St. 293, 294-295 (1951). The Supreme Court of Ohio has long upheld the validity of no-contest provisions in wills. *See Bradford v. Bradford*, 19 Ohio St. 546 (1869).

*Standard of Review*

**{¶14}** "A declaratory judgment action is a civil action and provides a remedy in addition to other legal and equitable remedies available." *Ohio Democratic Party v. LaRose*, 10th Dist. Franklin No. 20AP-432, No. 20AP-439, 2020-Ohio-4778, ¶ 18. "The essential elements for declaratory relief are (1) a real controversy exists between the parties, (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties." *Id.* On appeal, this court reviews a trial court's determination of justiciability of a declaratory judgment claim for an abuse of discretion; however, once a matter is found to be appropriate for declaratory judgment, an appellate court reviews a trial court's holdings regarding questions of law under a *de novo* standard. *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, ¶ 13. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

*Discussion*

**{¶15}** At issue before the trial court and on appeal is whether Debra's involvement in the prior will contest litigation violated the *in terrorem* clause in the

Eighth Article of the Will. In other words, using the specific terms of the Will, did Debra's conduct of filing an answer and voluntarily providing testimony in the will contest litigation constitute either: 1) indirect or direct *opposition* to the probate of the Will; or 2) initiation, participation in, either directly or indirectly, or prosecution of any legal action *to contest or set aside* the Will.

{¶16} As previously stated, Debra was named as a defendant in the 2016 will contest matter by virtue of the fact that she was a beneficiary under the Will. Debra filed a letter with the trial court responding to the will contest complaint, in which she stated:

> **My name is Debra Lynn Schoen. I am a step-daughter of John A. Damschroder. I am one of the people named as a defendant in the Complaint filed on behalf of Lia Kline and I am also named in John Damschroder's Will.**
>
> **I cannot afford to hire a lawyer to represent me in this case. I also have some health issues that I am addressing. So, although I am interested in what happens in this estate, I may not be able to play an active part in this lawsuit. But I would like to have my interests protected and I hope the Court will do that for me and the other people involved in this estate.**
>
> **I have serious concerns about John Damschroder's legal documents including his Will and about Tina's role in having John Damschroder sign new documents in 2013. However, I do not know how those concerns affect the legality of those documents which, I understand, is the final issue for this Court to decide. I hope that all of the facts are uncovered and put before the Court so that the Court can decide.**
>
> **I did receive a copy of the Inventory that was filed in this estate. I believe that the Inventory is incomplete. John Damschroder's**

> **mother (Marie Damschroder) is still alive and she owns a 55 acre farm in Seneca County. Apparently Marie Damschroder has a "life estate" and John has a "remainder" interest. The attorney for John's estate was told that John had this remainder but I never received anything correcting or updating the Inventory.**

(Oct. 18, 2019 Petition, Ex. B.) The record reflects that the trial court construed Debra's letter as an answer to the will contest complaint.

**{¶17}** Debra also provided testimony during the four-day jury trial on the will contest matter. The record indicates that Debra was not subpoenaed to testify, but that she did so voluntarily. A partial transcript excerpting Debra's testimony was admitted as evidence in the instant declaratory judgment case. The transcript reveals that much of Debra's testimony focused on her close relationship with her stepfather, the decedent. Although Debra mentioned that her relationship with the decedent became more distant after he had a farm accident and Tina moved in with him, Debra provided no testimony regarding the decedent's competency, or lack thereof, at the time he executed his Will in 2013. Debra recalled conversations with the decedent in the 1980's regarding his desires to bequeath his farmland, which were different than those reflected in the Will; however, Debra never alleged that another will was in existence or in any way challenged the validity of the decedent's 2013 Will. Indeed, the record indicates that Debra was not even questioned about the validity of the 2013 Will at the jury trial.

{¶18} As noted by the trial court in its judgment entry denying the Executor's petition for a declaratory judgment, not every request by a beneficiary for involvement of the probate court constitutes a challenge to a will that would trigger an *in terrorem* clause, and an *in terrorem* clause does preclude a beneficiary from requesting oversight of an executor's conduct by the probate court. *See In the Matter of the Estate of Stevens*, 2d Dist. No. 2012 CA 1, 2012-Ohio-4754 at ¶ 22; *see also Kirkbride v. Hickok*, 155 Ohio St. 293 (1951) (noting that a no-contest clause is not violated by the participation of beneficiaries in an action for construction of the will even if, having appeared, they make contentions asserting the invalidity of particular clauses of the instrument).

{¶19} At the outset, we reject Tina's suggestion that the mere act of filing an answer in the will contest is commensurate to "participation in" the prosecution of the action. As noted by the trial court, such a rule "would require the court to find that all parties who responded to the will contest action, including the [Executor and Tina], triggered the Will's no-contest clause," a result clearly not desired by the parties in this action. (Oct. 19, 2020 JE at 5). To the contrary, it is clear that as a named defendant Debra was permitted to respond to the will contest action with impunity under the Eighth Article. *See Modie v. Andrews*, 9th Dist. No. C.A. 21029, 2002-Ohio-5765, ¶ 25 ("Where a beneficiary has not initiated such an action, and has only defended herself by filing pleadings, the 'no contest' clause has not been

invoked, and the beneficiary does not forfeit her interest."). Moreover, the record establishes that the substance of Debra's answer did not seek to invalidate the Will, but instead sought to protect her interest, as well as the interests of others involved in the estate. Likewise, the record clearly demonstrates that Debra's testimony at the will contest trial did not serve to invalidate the Will or undermine the legitimacy of its execution.[3]

**{¶20}** Simply put, the record does not support Tina's contention that Debra's conduct in the prior will contest litigation amounted to an effort to break, change or set aside the will. Rather, we concur with the trial court that Debra's request constituted a legitimate request by a beneficiary invoking the trial court's authority to direct and control the conduct of the fiduciary. R.C. 2101.24(A)(1)(m); *see Modie*, *supra* at ¶ 29 ("This includes the power to review how Appellant disposes of the probate assets, and the court may properly entertain motions concerning Appellant's continuing ability to act as executrix."); *In the Matter of the Estate of Riber v. Peters*, 12th Dist. Nos. 81-CA-27, 81-CA-28 (Oct. 27, 1982) (defensive pleadings, such as filing exceptions to inventory, objections to the sale of probate assets, or even a motion to remove a fiduciary, do not constitute contests to the

---

[3] Notably, the Seventh Article of the Will specifically states that "I (Decedent Damschroder) have chosen to include one of my stepdaughters, Debra Lynn Schoen in my Last Will and Testament, because of our close step parental/stepchild relationship." (Oct. 18, 2019 Petition, Ex A. Art. 7). If the Will were invalidated, Debra would not inherit from the decedent under intestate succession. Clearly, it was against her interest to assist in advancing an action seeking to invalidate the Will.

validity of a will). Accordingly, we conclude that the trial court did not err in denying the petition for a declaratory judgment on this basis and we overrule the assignment of error.

{¶21} Based on the foregoing, the assignment of error is overruled and the judgment of the Seneca County Probate Court is affirmed.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and MILLER, J., concur.**

**/jlr**